**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1909
_____

UNITED STATES OF AMERICA

v.

ROBERT WRIGHT,
                              Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 05-cr-00619-001)
District Judge:  Honorable Cynthia M. Rufe
_____

Submitted Under Third Circuit LAR 34.1(a)
March 15, 2011
_____

Before: RENDELL, BARRY and CHAGARES, <u>Circuit Judges</u>

(Opinion Filed:  March 22, 2011)
_____

OPINION
_____

BARRY, <u>Circuit Judge</u>

Robert Wright pled guilty to several counts of cocaine-related crimes, and the

District Court sentenced him to 235 months of imprisonment. He raises procedural and

substantive challenges to his sentence. We will affirm.

## I.    BACKGROUND

On October 26, 2005, after an extensive undercover and surveillance operation, the government indicted Robert Wright and seven co-defendants for drug-related crimes. The government filed a superseding indictment on December 7, 2005, and on December 27, 2005, it filed an Information Charging Prior Offense Under Title 21 U.S.C. § 851 ("Information") to give notice "of the defendant's prior convictions for purposes of enhanced sentencing, pursuant to Title 21, United States Code, Section 851." (R. at 23.)

In the Information, the government listed Wright's five prior convictions in the Pennsylvania courts for manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance, each of which was a felony. The Information stated that Wright was adjudged guilty of one of these offenses on January 7, 1993 and of the other four offenses on May 9, 1996.[1] It concluded with a statement that "the government respectfully gives notice that the defendant will be subject, upon conviction of a violation of Title 21, United States Code, Section 841, to the enhanced penalties set forth in Title 21, United States Code, Section 841(b)(1)(C)." (*Id.* at 24.)

The Information included the typed names of the United States Attorney and Assistant United States Attorney ("AUSA"), but did not include a "/s" or similar symbol before either name or the AUSA's address, email address, or telephone number. The

---

[1] The revised Presentence Investigation Report ("PSR") also included these five crimes.

certificate of service accompanying the Information "did not indicate that it had been filed electronically" and "did not state that it was available for viewing and downloading from the ECF system." (Appellant's Br. at 12-13.) The AUSA did state, however, that she "certif[ied] that [she has] served or caused to be served a copy of the foregoing [Information] by electronic service upon" defense counsel.

Wright pled guilty on October 13, 2006 to numerous counts of knowing and intentional distribution of cocaine, as well as aiding and abetting in the knowing and intentional distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2. Based on the amount of cocaine for which Wright was responsible, the PSR listed his base offense level as 26. The PSR also stated, however, that he was a career offender under U.S.S.G. § 4B1.1 because he had at least two, and in fact five, prior adult convictions for the "[m]anufacture/delivery /possession [sic] with intent to manufacture or deliver a controlled substance." (PSR at 11-13.) As a career offender, his offense level increased to 34. He received a three-level downward adjustment for acceptance of responsibility, which resulted in a total offense level of 31 and a sentencing guidelines range of 188 to 235 months.

At the sentencing hearing on March 23, 2007, Wright acknowledged that he read the PSR and reviewed it with defense counsel. The District Court discussed at some length, but ultimately rejected, Wright's argument that the four convictions dated May 9, 1996 were related and should be consolidated for the calculation of his criminal history

3

points. The Court also denied Wright's motion for a downward departure under U.S.S.G. § 4A1.3, which gives a district court the discretion to grant a downward departure from the guidelines calculation if "the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(b)(1).

In lengthy discussions during the hearing regarding the effect that Wright's prior convictions should have on the calculation of his guidelines range, there was no suggestion that the PSR or the Information were factually incorrect as to Wright's prior convictions. Defense counsel stated that "we know the prior convictions exist," and raised no other relevant objections to the PSR. (R. at 80; *see id.* at 101-02, 105.) Wright spoke directly to the District Court twice during the sentencing hearing, and it appears from the transcript that he interrupted his counsel on one of those occasions and asked to speak directly to the Court, which the Court allowed. He did not ask the Court to correct any factual errors in his criminal history but rather said, "I'm not trying to minimize my criminal history, I mean, I was dealing, I – I admit to that to the Court on the record. I admit I was wrong and I was convicted of it." (*Id.* at 111.)

The District Court observed that it "didn't hear any respect for the law [from Wright] and [it] didn't hear anything about the harm that [Wright's] crimes do to the community." (*Id.* at 114.) The Court believed that Wright "need[ed] to do more before [he was] ready to be rehabilitated" and concluded that Wright's time as a fugitive

4

demonstrated his lack of respect for the law. (*Id.* at 115.) The Court was also concerned about protecting the community from Wright because he did not "know enough to get out of prison and not do it again." (*Id.* at 116.)

Before imposing sentence, the District Court acknowledged that Wright shared his drug profits with friends and family, as well as the fact that he learned to sell drugs at a young age. The Court noted, however, that he was "someone who has escalated their drug activity to the big time" and that although judges in Wright's previous criminal cases "have tried to do right by Mr. Wright," he continued to sell drugs. (*Id.* at 140.) The Court did not "trust [that Wright was] ready to be deterred from committing additional crime, [was] ready to start respecting the law, [was] ready to be rehabilitated." (*Id.* at 141.)

The District Court sentenced Wright at the top of his guidelines range, to 235 months of imprisonment. On appeal, he claims that his sentence was procedurally and substantively unreasonable.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have appellate jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. A district court must engage in a three-step analysis to determine the appropriate sentence to impose on a defendant. It must first correctly calculate the guidelines range and then rule on any motions for a departure from that range. *United States v. Lopez-Reyes*, 589 F.3d 667, 670 (3d Cir. 2009). It must then meaningfully consider the relevant factors in 18 U.S.C. §

5

3553(a) and exercise its discretion to set the sentence. *Id.*

When reviewing a sentence on appeal, we "first ensure that the district court committed no significant procedural error." *Gall v. United States*, 552 U.S. 38, 51 (2007). Wright argues that the District Court should have stricken the Information and not applied the career offender guideline. He also contends that the Court violated 21 U.S.C. § 851(b) when it failed to ask him about the prior offenses in the Information before imposing sentence. He did not raise either of these arguments before the District Court, and we therefore review for plain error. *United States v. Couch*, 291 F.3d 251, 252 (3d Cir. 2002). For Wright to succeed on these claims, he must show that there was (1) an error that was (2) plain, e.g., clear or obvious, that (3) also affected his substantial rights. *Johnson v. United States*, 520 U.S. 461, 467 (1997). If he makes that showing, we *may* exercise our discretion to grant relief, but we may only do so if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and punctuation omitted).

Wright argues further that the 235-month sentence was substantively unreasonable. We "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall*, 552 U.S. at 51. We must affirm "[a]s long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors." *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008).

6

III. ANALYSIS

A. Compliance with 21 U.S.C. § 851

A defendant may not be subject to "increased punishment by reason of one or more prior convictions" unless the government "files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851(a)(1). After conviction but before imposing a sentence, the court "shall . . . inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." 21 U.S.C. § 851(b).

1. Sufficiency of the Information Under § 851(a)

Wright claims that the Information was deficient, as well as improperly filed and served, and that the District Court should have stricken it and declined to apply the career offender status to Wright. He argues that the Information violated Federal Rule of Civil Procedure 11(a) because it did not include the AUSA's address, email address, and telephone number, and that the certificate of service violated Eastern District of Pennsylvania Local Rule 5.1.2.9(a) because "[i]t did not indicate that it had been electronically filed; it did not set forth [the AUSA's] address and telephone number; and it did not include a 's/' before her name on the signature line." (Appellant's Br. at 11.) He

7

contends as well that service of the Information was defective because "[t]he Certificate of Service did not indicate that it had been filed electronically" and "did not state that it was available for viewing and downloading from the ECF system." (*Id.* at 12-13.)

"The requirements set out in § 851 are mandatory and a district court may not impose an enhanced sentence unless the defendant has been notified of the 'strikes' in compliance with these provisions." *United States v. Weaver*, 267 F.3d 231, 246 (3d Cir. 2001). In analyzing compliance with § 851(a)(1), "courts have . . . analyzed whether the purpose of § 851(a)(1) – providing a defendant with sufficient notice to comply with due process – has been satisfied," and "the question is whether any of the government's errors rendered the notice constitutionally lacking." *Id.* at 247. We will not "elevate form over substance" in this analysis. *Id.* (internal quotation marks and punctuation omitted). The minor errors in the Information – the absence of the AUSA's address and so on – do not constitute a due process violation[2] and did not affect Wright's substantial rights. The fact that the District Court did not strike the Information for these deficiencies was not plain error.[3]

---

[2] Wright does not argue, for example, that his counsel never received the Information, that he did not know about it, or that the government did not file the Information with the District Court.

[3] Wright contends that his counsel was ineffective for failing to move to strike the Information. We ordinarily decline to address such claims on direct appeal, and we see no reason to depart from that practice in this case. *See United States v. Thornton*, 327 F.3d 268, 271-72 (3d Cir. 2003). We will, therefore, deny Wright's claim regarding his counsel's ineffectiveness without prejudice to his right to address the claim in a petition under 28 U.S.C. § 2255.

8

### 2. Failure to Conduct a Colloquy Under § 851(b)

As the government acknowledges, the District Court did not comply with § 851(b), and we review this issue, too, for plain error. Wright contends that "it is unclear from the record whether Mr. Wright appreciated his ability to challenge the prior convictions contained in the Section 851 Information or that any challenge to them would have been futile." (Appellant's Br. at 18.) He does not, however, claim that the Information actually contained any incorrect data about his criminal history or that the Court erred in finding that his prior convictions qualified him for sentencing as a career offender. Each of the prior offenses in the Information, moreover, was also set forth in the PSR. Wright acknowledged that he read the PSR, and he did not object to the validity of the data that the government presented to the Court regarding his prior offenses. Wright also personally acknowledged his criminal history, although not by specific offense, when he spoke to the Court at his sentencing hearing.

In short, Wright does not offer *any* reason to believe that if the District Court had complied with § 851(b), his sentence would have been different. Most notably, he does not claim that he was ineligible for sentencing as a career offender. The Court's failure to comply with § 851(b) was error that was plain, but Wright has not offered any reason to believe that this error affected his substantial rights or seriously affects the fairness, integrity, or public reputation of judicial proceedings. We, therefore, reject his argument addressed to § 851(b).

**B.** **Substantive Reasonableness**

Wright claims that the 235-month sentence was "far greater than necessary to meet the purposes of sentencing," and that it violated the "Parsimony Provision." (Appellant's Br. at 21.) The District Court held an extensive sentencing hearing, during which it heard, acknowledged, and discussed Wright's arguments for a lower sentence. The Court was concerned, among other things, about Wright's lengthy and unabated criminal history, the likelihood that he would commit future offenses, and protecting the community from further crime. The Court did not abuse its discretion in imposing the sentence it did, and that sentence "falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors." *Wise*, 515 F.3d at 218.

## IV. CONCLUSION

We will affirm the judgment of sentence.